IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-19-CR-1580-DB |
| DAGOBERTO TENA-ARANA | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Dagoberto Tena-Arana's ("Mr. Tena-Arana") "Motion to Dismiss Indictment and Superseding Indictment" ("Motion"), filed in the above-captioned case on June 21, 2019. On June 28, 2019, the United States of America ("the Government") filed its "Response in Opposition to Defendant's Motion to Dismiss Indictment and Superseding Indictment" ("Response"). On July 3, 2019, Mr. Tena-Arana filed his "Reply to Government's Response in Opposition to Defendant's Motion to Dismiss Indictment and Superseding Indictment" ("Reply"). After due consideration, the Court is of the opinion that Mr. Tena-Arana's Motion should be denied.

## BACKGROUND

On May 22, 2019, a Grand Jury sitting in the Western District of Texas returned a single count Indictment ("Indictment"), which charges Mr. Tena-Arana with an alleged illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). Indictment 1, ECF No. 10. Specifically, the Indictment alleges that on or about April 27, 2019, Mr. Tena-Arana, an undocumented immigrant who had previously been deported from the United States on or about August 23, 2014, was found in the United States again. *Id.*

On June 12, 2019, a Grand Jury sitting in the Western District of Texas returned a single count Superceding Indictment, which charges Mr. Tena-Arana with an alleged illegal

reentry into the United States in violation of 8 U.S.C. § 1326(a). Superseding Indictment 1, ECF No. 19. Specifically, the Superseding Indictment alleges that on or about April 27, 2019, Mr. Tena-Arana, an undocumented immigrant who had previously been deported from the United States on or about November 10, 2009, attempted to enter, entered, and was found in the United States again. *Id.*

Mr. Tena-Arana is a citizen of Mexico, who was formerly a permanent resident alien. Resp. 1, ECF No. 27. On June 28, 1996, he applied for entry into the United States while in possession of 1.5 pounds of marijuana. *See* Resp. Ex. A, ECF No. 27. On June 28, 1996, immigration officials issued Mr. Tena-Arana a Notice to Applicant for Admission Detained for Hearing before Immigration Judge, Forms I-110 and I-122. Resp. Ex. A, ECF No. 27. Prior to 1997, Form I-122 was given to an applicant who was denied entry and served as a notice to the applicant that he had been denied admission and that he had been or would be scheduled for a hearing before an immigration judge. *See* 8 C.F.R. § 1240.30; *Hernandez v. Cremer*, 913 F.2d 230, 232 (5th Cir. 1990).

Mr. Tena-Arana's first immigration hearing took place on August 19, 1996. *See* Resp. Ex. C, ECF No. 27. The immigration judge ordered him excluded and deported from the United States. *Id.* Mr. Tena-Arana waived his right to appeal this order. *See id.* He was removed to Mexico on August 19, 1996. *See* Resp. Ex. D, ECF No. 27.

Subsequently, on or about March 1, 1998, the Defendant re-entered the United States. *See* Resp. Ex. E, ECF No. 27. On April 12, 2004, a Notice of Intent/Decision to Reinstate Prior Order ("Form I-871") issued though it was not certified or signed. *Id.* The Government asserts that it was not served on Mr. Tena-Arana because he filed an application for voluntary departure and then appeared before an immigration judge. Resp. 2, ECF No. 27. On

September 29, 2004, the immigration court served Mr. Tena-Arana with a Notice of Hearing that contained the date, time, and place of the hearing. Resp. 2 Ex. F, ECF No. 27. On October 4, 2004, the hearing took place where Mr. Tena-Arana's application for voluntary departure was denied and he was ordered removed. *See* Mot. Ex. C, ECF No. 25; Resp. Ex. G, ECF No. 27. On October 12, 2004, he was removed back to Mexico. *See* Resp. Ex. H, ECF No. 27.

On or about January 10, 2005, Mr. Tena-Arana re-entered the United States. *See* Resp. Ex. I, ECF No. 27. On March 11, 2005, the Immigration and Naturalization Services issued a Notice to Appear, Bond, Custody Processing Sheet to Mr. Tena-Arana, but it was not filed. *See* Resp. Ex. J, ECF No. 27. The Notice to Appear has a line drawn across the document with an annotation that reads: "Not Filed/Admin Removal done Instead." *Id.* On March 24, 2005, he was administratively removed back to Mexico. *See* Resp. Ex. K, ECF No. 27.

On or about January 9, 2009, Mr. Tena-Arana re-entered the United States. On January 23, 2009, he was removed back to Mexico. *See* Resp. Ex. L, ECF No. 27.

On or about March 5, 2009, Mr. Tena-Arana re-entered the United States. On November 10, 2009, he was removed back to Mexico. *See* Resp. Ex. M, ECF No. 27.

On or about June 23, 2013, Mr. Tena-Arana re-entered the United States. On August 23, 2014, he was removed back to Mexico. *See* Resp. Ex. N, ECF No. 27.

Here Mr. Tena-Arana again illegally reentered the United States on or about April 27, 2019, and was charged by indictment in the Western District of Texas with illegal reentry in violation of 8 U.S.C. § 1326. Indictment 1, ECF No. 10; Superceding Indictment 1, ECF No. 19. Mr. Tena-Arana's Motion seeks to dismiss both the Indictment and Superseding Indictment.

**STANDARD**

According to Federal Rule of Criminal Procedure 12, a defendant may make a pretrial motion to dismiss based on a claimed defect in the indictment, including failure to state an offense. FED. R. CRIM. P. 12(b)(3)(B)(v). To state an offense under 8 U.S.C. § 1326(a), the Government must prove three elements: "that the defendant (1) is an alien, (2) was previously deported, and (3) has re-entered the United States without proper permission."

**ANALYSIS**

Mr. Tena-Arana petitions the Court to dismiss the Indictment and Superceding Indictment because the immigration authorities did not issue a Notice to Appear stating the time and place of the October 2004 hearing nor did they execute the Form I-871, leaving the immigration court without subject matter jurisdiction to conduct removal proceedings. Mot. 2, ECF No. 25. Therefore, the 2004 removal was void and cannot form the basis for the Superceding Indictment for illegal reentry as he was never "previously deported" as a matter of law. *Id.*

First, the Government's Response highlights that his original removal in 1996 was after he was arrested for marijuana possession while applying to legally enter the United States. Resp. 5, ECF No. 27. He was served with Forms I-110 and I-122. Resp. Ex. A, ECF No. 27. According to 8 C.F.R. § 1240.3, prior to April 1, 1997, the filing of Form I-122 with an immigration court commences an exclusion proceeding and vests the immigration court with jurisdiction.

Next the Government argues that Mr. Tena-Arana's second appearance before an immigration judge in 2004 was based on his application for voluntary departure, not on the Form I-871. *See* Resp. Ex. E, ECF No. 27. The Form I-871 was filed on April 12, 2004 and purports

4

to reinstate the 1996 removal, but it was not signed by an immigration officer or Mr. Tena-Arana because Mr. Tena-Arana subsequently applied for voluntary departure. Resp. 2, ECF No. 27. The Government highlights that the immigration court also served Mr. Tena-Arana with a Notice of Hearing that satisfies the regulatory requirement to "provid[e] notice to . . . the alien of the time, place, and date of hearings." Resp. 2–3, ECF No. 27 (citing 8 C.F.R. § 1003.18(a).

In his Reply, Mr. Tena-Arana reasserts that a thorough review of his immigration record did not produce a purported Notice to Appear or any document claiming to serve as such a notice for the October 2004 proceeding, despite the Government's claim that a notice to appear was not necessary to commence the proceeding due to his request for voluntary departure. Reply 1, ECF No. 28. Further, he argues that the prior order in August 1996 is irrelevant as both the Indictment and Superseding Indictment rely on reinstatements of the October 2004 order. *Id.* at 3.

Finally, the Government takes issue with the definition of a Notice to Appear in U.S.C. § 1229(a)(1), as opposed to the regulatory definition in 8 C.F.R. § 1003.15, which does not require a date and time to be in a Notice to Appear. Resp. 4, ECF No. 19. Second, the Government argues that Mr. Tena-Arana cannot meet any of the three § 1326(d) factors that a Defendant must satisfy to collaterally attack the validity of a prior removal. *Id.* at 1. Third, the Government argues that the "lawfulness or validity of a prior removal order is not an element of a § 1326 offense." *Id.* at 4.

The Court disagrees with the Government's arguments regarding the contents of a Notice to Appear, the required lawfulness of a prior removal, and the ability of a Notice of Hearing to cure any defect in a Notice to Appear. However, it agrees with the Government's conclusion that Mr. Tena-Arana cannot successfully mount an attack on the Superceding

Indictment because his prior removals in 1996 and 2004 were valid and form the necessary predicate for an illegal re-entry prosecution.

The Supreme Court's opinion in *Pereira* and the cases to which this Court has applied it have all involved an original removal with a Notice to Appear that lacks the statutorily-required date and time, and therefore leaves the immigration court without subject matter jurisdiction. *Pereira v. Sessions*, 138 S. Ct. 2105, 2116–17 (2018). Mr. Tena-Arana's attempt to analogize his case to *Pereira* is unsuccessful because, unlike *Pereira*, his original removal in 1996 was not void for lack of subject matter jurisdiction. Furthermore, *Pereira* says nothing about his subsequent removal in 2004, which he argues is the only relevant removal, that involves an unsigned Form I-871 and a voluntary departure. *See generally Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

1. **Mr. Tena-Arana's 1996 Removal Satisfies the "Previously Deported" Element.**

Even if the removal in 2004 was improper, Mr. Tena-Arana's original removal in 1996 was valid because jurisdiction vested in the immigration court through the filing of Form I-122. Therefore, Mr. Tena-Arana's Motion could be denied on this basis alone.

The Executive Office of Immigration Review, which encompasses immigration courts, is part of the Department of Justice. *About the Office*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (Sept. 20, 2018, 10:37 AM), https://www.justice.gov/eoir/about-office. As such, Congress has said that the Executive Office of Immigration Review is "subject to the direction and regulation of the Attorney General," 6 U.S.C. § 521(a) (2018), including regulations promulgated by the Attorney General. 8 U.S.C. § 1103(g)(2) (2018). Current Attorney General-issued regulations delimit the jurisdiction of immigration courts providing that "[j]urisdiction vests . . . when a *charging document* is filed with the Immigration Court."

8 C.F.R. § 1003.14(a) (2018) (emphasis added). A "charging document" is the "written instrument which initiates a proceeding before an Immigration Judge . . . includ[ing] a Notice to Appear." 8 C.F.R. § 1003.13 (2013); *see also Martinez-Garcia v. Ashcroft*, 366 F.3d 732, 735 (9th Cir. 2004) (("The only charging document available **after** April 1, 1997, is the Notice to Appear.") (citing 8 C.F.R. § 1003.13, emphasis added)).[1]

However, subpart D of 8 C.F.R. § 1240 applies to exclusion proceedings, like Mr. Tena-Arana's, that commenced prior to April 1, 1997, pursuant to the former § 236 of the Act. In 1996, an exclusion proceeding was commenced by the filing of Form I-122 with the immigration court, and an alien was in exclusion proceedings only upon such filing. § 1240.30. This contrasts with exclusion proceedings today that require a Notice to Appear. *Supra* 6. Prior to April 1, 1997, Form I-122 was given to an applicant who was denied entry and served as a notice to the applicant that he had been denied admission and that he had been or would be scheduled for a hearing before an immigration judge. *See* 8 C.F.R. § 1240.30; *Hernandez v. Cremer*, 913 F.2d 230, 232 (5th Cir. 1990). It contained a space in which to indicate a time, date, and place for a hearing if the immigration officer scheduled a hearing when the applicant was processed, but if one was not scheduled at the time, space was provided for the applicant's address where a hearing notice could be mailed. *Id.*

Mr. Tena-Arana does not dispute the validity of his original removal in 1996 after he applied for entry into the United States while in possession of 1.5 pounds of marijuana. *See generally* Mot., ECF No. 25; Resp. Ex. A, ECF No. 27. Nor does Mr. Tena-Arana dispute the validity of the Notice to Applicant for Admission Detained for Hearing before Immigration

---

[1] For further discussion, *see* Kit Johnson, *Pereira v. Sessions: A Jurisdictional Surprise for Immigration Courts*, 3 HRLR Online 1, (2018).

7

Judge, forms I-110 and I-122, which he received prior to his removal hearing. *See generally* Mot., ECF No. 25; Resp. Ex. A, ECF No. 27. Mr. Tena-Arana's Form I-122 had his address filled into the space where a hearing notice was to be mailed. Resp Ex. A. at 2, ECF No. 27. Mr. Tena-Arana does not assert that he never received this notice. *See generally* Mot., ECF No. 25.

However, Mr. Tena-Arana does argue that the 1996 removal is irrelevant because his Superseding Indictment cites to a prior removal in 2009, which reinstated his allegedly invalid removal in 2004. Reply 3, ECF No. 28. According to the Rules of Federal Criminal Procedure, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). But "[u]nless an additional or different offense is charged, or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." Even generously crediting Mr. Tena-Arana's argument that the Superseding Indictment is not a definite written statement of the essential facts because it cites a prior removal in 2009, rather than directly citing the removal in 1996, the Government is free to amend this fact at any time prior to a verdict. This amendment would not involve charging an additional or different offense, nor would it prejudice a substantial right of Mr. Tena-Arana because the 2009 removal currently written in the Superseding Indictment does have a paper trail leading to the 1996 removal vis a vis the unexecuted, but filed, Form I-871. Mr. Tena-Arana is on notice that he may have to defend against his removal in 1996, so he would not be prejudiced by this amendment. *See* Reply 3, ECF No. 28 (arguing the lack of relevance of 1996 removal). Therefore, his Motion shall be denied because his 1996 removal satisfies the "previously deported" element of this prosecution.

## 2. *Pereira* Does Not Hold that an Unsigned Reinstatement Order Renders an Immigration Court's Action *Ultra Vires*.

Though unnecessary to the outcome of this opinion, the 2004 removal also satisfies the "previously deported" element because the immigration court had jurisdiction when it ordered Mr. Tena-Arana removed in 2004. Mr. Tena-Arana's 2004 removal attempted to reinstate his 1996 removal in an unsigned Form I-871 that the Government asserts was unexecuted because Mr. Tena-Arana opted to depart voluntarily. Mot. Ex. E at 1, ECF No. 25; Resp. 2, ECF No. 27.

Mr. Tena-Arana repeatedly points out that there was no Notice to Appear "filed for the October 2004 proceeding." Reply 1, ECF No. 28. Again Mr. Tena-Arana attempts to draw a comparison between his case and *Pereira*, but *Pereira* says nothing about the validity of this process, nor does either party cite other case law, statutes, or regulations that would lead the Court to conclude that the immigration court lacked jurisdiction when it deported Mr. Tena-Arana in 2004 after he voluntarily departed following an unexecuted reinstatement order of a valid prior removal. *See generally Pereira*, 138 S. Ct. 2105 (2018); Mot., ECF No. 25; Resp., ECF No. 27.

But on balance, and without dictating the outcome of this opinion given the Court's prior conclusion in Section 1., the Court agrees with the Government that a Notice to Appear was not necessary because Mr. Tena-Arana sought to voluntarily depart after the Form I-871 was filed on April 12, 2004, which would have reinstated the 1996 removal that was valid for the reasons stated above. *See supra* 6–8. Common sense indicates that a Notice to Appear may not be necessary for "[t]he [voluntary] departure of an alien from the United States without an order of removal[][because] [t]he departure may or may not have been preceded by a hearing

9

before an immigration judge." *Voluntary Departure*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES (July 18, 2019, 3:26 PM), https://www.uscis.gov/tools/ glossary/voluntary-departure.

While the Court disagrees with the Government's argument that the "lawfulness or validity of a prior removal order is not an element of a § 1326 offense," it agrees with the Government's conclusion that prior lawful removals did occur in 1996 and 2004. Resp. 19, ECF No. 27. Therefore, Mr. Tena-Arana "was previously deported" and his Motion shall be denied. *See* 8 U.S.C. § 1326(a)(2). Furthermore, because the Government satisfies the elements of § 1326(a) as a matter of law, Mr. Tena-Arana cannot meet any of the three § 1326(d) factors that a defendant must satisfy to collaterally attack the validity of a prior removal, so further discussion of these factors is unnecessary.

## CONCLUSION

After due consideration, the Court finds that Mr. Tena-Arana's Motion shall be denied. The immigration court had subject matter jurisdiction when it complied with statutory and regulatory guidelines by proceeding with removal in 1996 after the form I-122 vested jurisdiction in the court. Furthermore, the removal in 2004 was also valid. Therefore, the Government satisfies § 1326 because Mr. Tena-Arana was previously removed as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Dagoberto Tena-Arana's "Motion to Dismiss Indictment" is **DISMISSED**.

SIGNED this 19 day of July 2019.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE